DR. BARBARA THOMPSON, State Superintendent, Department of PublicInstruction
You have posed six questions concerning specifically the administration of sec. 406, Title IV of the Elementary and Secondary Education Act of 1965, as amended. Section 406 was a part of the Education Amendments of 1974, Public Law 93-380, and provides that children enrolled in private, non-profit elementary and secondary schools be provided with secular services, materials and equipment, and that expenditures for such programs be equal as between children in private and public schools.
Section 406 (d) provides for a bypass of state administration of the programs provided by Title IV under certain circumstances:
 "If a State is prohibited by law from providing for the participation in programs of children enrolled in private elementary and secondary schools, as required by this section, the Commissioner may waive such requirement and shall arrange for the provision of services to such children through arrangements which shall be subject to the requirements of this section."
Whether this bypass provision is to be used depends upon an interpretation of state law and upon the interpretation and *Page 140 
implementation of the federal statute through the administrative regulations of the Department of Health, Education and Welfare.
To date there are no federal guidelines interpreting the requirement in sec. 406 (a) that private school pupils be provided programs such "as will assure equitable participation of such children in the purposes and the benefits of this title." Prior to the enactment of sec. 406, the Federal Office of Education equated the term "equitable" with the term "comparable" in the interpretation of its own regulations. That interpretation may carry over. However, sec. 406 (b) may impose a stricter standard than comparability upon the interpretation of the term "equitable." Until new federal regulations are published, questions related to whether programs for private school students provide "equitable participation" cannot be resolved.
Your specific questions concern alternative methods for providing Title IV programs for children attending non-public schools.
We are not here concerned with whether sec. 406, as amended, violates the Establishment Clause of the First Amendment to the United States Constitution. Rather, we are concerned with whether sec. 406 can be administered consistent with the constitution and laws of Wisconsin. With these considerations in mind, your questions and my responses are as follows:
I.
 "1. Can public school districts employ persons, such as teachers, teacher aids, co-curricular activity directors, recreation coordinators, and school media specialists, who are paid from funds received under the above Act to provide educational and instructional programs to children and teachers on the premises of the private school?
 "2. Can the public school district employ persons to provide services such as speech correction, nursing, and transportation (including teacher training) for private school children and teachers on the premises of the private school? *Page 141 
 "3. Can public school districts contract with other persons or agencies to provide equitable educational programs and services to private school children and teachers on the premises of private schools?
Questions 1, 2 and 3 raise a common issue. That issue is whether public school districts may employ persons either directly or by contract with other agencies, to provide teaching and other educational and related services to private school children on the premises of the private school. It is my opinion that such programs are prohibited if offered at church affiliated private schools.
This conclusion is consistent with my recent advice to you with respect to the interpretation of sec. 118.255, Stats., OAG 27-75, August 5, 1975, and with my advice to you concerning the interpretation of the provisions of Title I of the Elementary and Secondary Education Act of 1965, as amended, OAG 49-75, November 6, 1975.
Article I, sec. 18, Wis. Const., provides, in part, that no monies shall be "drawn from the treasury for the benefit of religious societies, or religious or theological seminaries." This provision has been interpreted as applying to parochial elementary and secondary schools. State ex rel. v. District Board
(1890), 76 Wis. 177, 44 N.W. 967; State ex rel. Reynolds v.Nusbaum (1962), 17 Wis.2d 148, 115 N.W.2d 761.
Payment of persons employed as described in your first three questions with funds received under the federal act would be expenditures prohibited by the Wisconsin Constitution. That prohibition is not circumvented if public school districts contract with other persons or agencies to provide instructional services in private schools.
II.
 "4. Can public school districts expend money to provide instructional programs and services to private school children and teachers on the premises of the public school?
Your fourth question contemplates the use of "shared time" or "dual enrollment" programs. Such programs are probably *Page 142 
permissible under the Wisconsin Constitution. See generally, 55 OAG 124 (1966), OAG 49-75, November 6, 1975. Implicit in any dual enrollment program is the requirement that both public and private school students be permitted to participate in the same program. Subject to this condition and the condition that the services be rendered on the premises of a public school, it is permissible for a public school district to spend money to provide instructional programs and services to private school children and teachers.
III.
 "5. Can public school districts be required to make expenditures for educational programs and services to serve children and teachers from private schools equal to per enrollee expenditures for programs for children enrolled in the public schools?
Administration of Title IV programs in the manner contemplated by your fifth question might be helpful in conforming the programs to the "equitable" standards of the federal act. However, a program requiring statewide equality of expenditures between private and public school students might necessitate such a continuing, comprehensive and discriminating administrative structure as to bring the program within the proscription of Art.I, sec. 18, Wis. Const. Cf. Committee for Public Education v.Nyquist (1973), 413 U.S. 756, 767, 788, 93 S.Ct. 2955,37 L.Ed.2d 948. I would, therefore, caution against requiring public school districts to equalize expenditures, on a per enrollee basis, for educational programs and services in private schools with expenditures for such programs in the public schools.
IV.
 "6. If a local school district refuses, or is legally unable to provide for the participation of private school children on an equitable basis, can the state educational agency provide for such participation to children and teachers in a private school?"
Wisconsin has a firmly established policy of local control over elementary and secondary education. This policy is expressed *Page 143 
throughout the statutes relating to education. For example, sec.120.12 (1), Stats., vests in the local school board the care, control and management of school district property and affairs. And sec. 120.49 (1), Stats., authorizes school boards to establish and organize schools and prescribe courses of study. The proposal set forth in your sixth question to allow the state educational agency to provide for participation of private school children in Title IV programs in the event a local school district refuses to provide such programs is inconsistent with the policy of local control over education.
In addition, the Department of Public Instruction is without statutory authority to provide for participation of private school children in the place of a local school district which refuses or is legally unable to do so. For these reasons your department may not supplant a local school district in the administration of Title IV programs.
BCL:DJH:JWC